UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

IN RE:                                    Chapter 13
                                          1-12-13024

KEITH PILLICH                             **ORDER TO SHOW CAUSE FOR
                                          DISMISSAL AND RELIEF
Debtor.                                   FROM AUTOMATIC STAY**

---------------------------------------------------------x

**ORDER TO SHOW CAUSE FOR RELIEF FROM AUTOMATIC STAY *NUNC
PRO TUNC* PURSUANT TO BANKRUPTCY RULE 4001 AND 11 U.S.C. § 362(d)**

Upon reading and filing the annexed affirmation of Michelle C. Stachura, Esq.,

dated October 4, 2012, and the exhibits attached thereto, and upon all the pleadings and

proceedings heretofore had herein,

LET, the petitioner show cause before this Court in the United States Bankruptcy

Court, Western District of New York at the Courthouse located at 300 Pearl Street,

Buffalo, New York 14202, on the _____ day of October, 2012 at _____ o'clock in the

a.m./p.m. or as soon thereafter as counsel can be heard

WHY an order should not be issued:

1. Pursuant to 11 U.S.C. § 362, granting the Creditor, Waterfall Victoria REO

2011-01, LLC, relief from the automatic stay *nunc pro tunc*, with prejudice, as against the

Debtor, Keith Pillich,

2. Permitting Creditor to proceed with its stated remedy to obtain possession of

the subject premises or, in the alternative, Creditor respectfully requests that the Court

immediately order the surrender of the possession of the subject premises by the Debtor

to the Creditor;

3. Granting such other and further relief as this Court deems just and proper under the circumstances.

Sufficient reason appearing therefore, **IT IS HEREBY**

**ORDERED**, that pending the hearing and determination of this Motion, the Marshal is permitted to proceed with the eviction of the premises

LET service of a copy of this order together with the papers in support thereof be made upon the Debtor in this matter by certified mail and ordinary mail upon the Debtor on or before the _____ day of October, 2012 be deemed good and sufficient service.

ENTER

_____
Chief Federal Bankruptcy Judge

Dated: Williamsville, New York
October 4, 2012

*/s/ Michelle C. Stachura, Esq.*
Michelle C. Stachura, Esq.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP
Attorneys for Creditor- Waterfall Victoria REO 2011-01, LLC
Main Office
53 Gibson Street
Bay Shore, New York 11706
Tel: 631-969-3100

TO:    Keith Pillich
       *Pro Se Debtor*
       8 Eltham Drive
       Amherst, NY 14226

       United States Trustee
       Albert Mogavero, Esq.
       The Dunn Building
       110 Pearl Street
       6th Floor
       Buffalo, NY 14202

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

-------------------------------------------x

IN RE:                                        Chapter 13
                                              1-12-13024
KEITH PILLICH,
                                              **AFFIRMATION IN SUPPORT**
Debtor.                                       **OF CREDITOR'S MOTION**

-------------------------------------------x

MICHELLE C. STACHURA, ESQ., an attorney duly admitted to practice law before this Court, hereby affirms the following under the penalties of perjury:

1.    I am an associate in the law firm of Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, attorneys for Creditor, Waterfall Victoria REO 2011-01, LLC, ("Creditor"), who is the owner of the premises located at 8 Eltham Drive, Amherst, NY 14226 ("Premises") where Debtor alleges to occupy the premises. I make this affirmation in support of the Creditor's motion seeking an order lifting the automatic stay *nunc pro tunc*, with prejudice.

2.    Creditor's motion to lift the automatic stay *nunc pro tunc*, with prejudice, should be granted because the Creditor has obtained a judgment of possession and warrant of eviction as against the Debtor prior to the filing of the within Bankruptcy Petition.

3.    It is evident that the Debtor has abused the protections afforded by bankruptcy simply to avert his pending eviction from the Premises.

## STATEMENT OF FACTS

4. On March 8, 2011, Petitioner became the record owner of the premises known as 8 Eltham Drive, Amherst, New York 14226, by virtue of a Referee's Deed. A copy of the deed is attached hereto as **Exhibit "A"**. The Referee's Deed resulted from the prior underlying mortgage foreclosure proceedings commenced on March 12, 2003, which resulted in a Judgment of Foreclosure and Sale, granted on July 21, 2005. A copy of the Judgment of Foreclosure and Sale is attached hereto as **Exhibit "B"**.

5. A Writ of Assistance was sought by the Creditor, record owner, to be put in possession after Debtor and all other named occupants refused to vacate after being duly served with a 10-day Notice to Quit and certified Referee's Deed. Copies of the Affidavits of Service and 10-day Notice to Quit are attached hereto as **Exhibit "C"**. None of the respondents appeared.

6. The Writ of Assistance was granted by the Honorable Christopher J. Burns, J.S.C. on January 27, 2012, which succinctly sets forth the procedural posture of the foreclosure action and the efforts of the defendants in this action to stall the foreclosure action to delay the eventual sale. A copy of the Memorandum Decision and Order is attached hereto as **Exhibit "D"**.

7. Marsha Pillich, the defendant-mortgagor in the underlying foreclosure action, by and through her attorney, David S. Widenor, Esq., filed a Notice of Appeal, dated January 30, 2012 and Order to Show Cause seeking a temporary restraining order. The Appellate Division Fourth Department stayed enforcement of the Writ of Assistance until March 30, 2012 or until seven days after Supreme Court fixes the amount of the

undertaking for an automatic stay. A copy of the Order is attached hereto as **Exhibit "E"**.

8. Thereafter, to further prevent the eviction, as prior efforts were unavailing, the mortgagor, Marsha M. Pillich, wife of the Debtor, filed a Chapter 13 Bankruptcy Petition on June 26, 2012 at 8:00am with case number 1-12-12022. Creditor moved for relief from the stay, which was granted on September 13, 2012. Copies of the Notice of Filing and Order Vacating Stay are attached hereto as **Exhibit "F"**.

9. On the morning of eviction, today, October 4, 2012 at 10:49 am, Debtor filed a Chapter 13 Bankruptcy Petition in the Western District of New York with a case number 1-12-13024.

10. Given the facts of this case, it is clear that the Debtor is not entitled to Bankruptcy protection for the purpose of avoiding eviction from the Premises in question.

11. From the facts and circumstances as outlined above, the Creditor is entitled to having the stay lifted, and to execute on the Writ of Assistance.

12. 11 U.S.C. § 362(d) of the Bankruptcy Code provides: "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay (1) for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

13. Some of the factors to be considered are: "(1) if the creditor had actual or constructive knowledge of the bankruptcy filing and, therefore, of the stay, (2) if the debtor has acted in bad faith, (3) if there was equity in the property of the estate, (4) if the

property was necessary for an effective reorganization, (5) if grounds for relief from the stay existed and a motion, if filed, would likely have been granted prior to the automatic stay violation, (6) if failure to grant retroactive relief would cause unnecessary expense to the creditor, and (7) if the creditor has detrimentally changed its position on the basis of the action taken." In re WorldCom, Inc., 325 B.R. 511, 521 - 522 (SDNY 2005).

14. Debtor has acted in bad faith and abused the bankruptcy system in order to evade his inevitable eviction from the Premises.

15. The instant petition was a bad faith filing "filed strictly to circumvent pending litigation." In re Dixie Broadcasting, Inc., 871 F.2d 1023, 1027 (11th Cir. 1989), see also Laguna Associates Limited Partnership v. Aetna Casualty & Ins. Co., 30 F.3d 734, 737 (6th Cir. 1994).

16. Furthermore, Debtor's equitable interest in the Premises was extinguished upon the issuance of the Writ of Assistance. Thus, the Premises may not form part of Debtor's Bankruptcy Plan. See NY RPAPL § 749, In re Roswick, 231 B.R. 843, 855 (SDNY 1999).

17. Creditor requests that an Order be entered lifting the automatic stay with prejudice, nunc pro tunc, under Section § 362 of the Bankruptcy Code so as to permit it to exercise and enforce their rights and remedies as owners of the Premises and obtain possession of the property.

18. No prior application has been made for the relief sought herein.

WHEREFORE, Creditor requests that the Court enter an Order granting Creditor the lifting and/or annulment of the automatic stay *nunc pro tunc*, with prejudice, pursuant to 11 U.S.C. §362 to permit the eviction of the Debtor from the Premises.

Dated: Williamsville, New York
October 4, 2012

*/s/ Michelle C. Stachura, Esq.*
Michelle C. Stachura, Esq.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP
Attorneys for Creditor – Waterfall Victoria REO 2011-01, LLC
Main Office
53 Gibson Street
Bay Shore, New York 11706
Tel: 631-969-3100

## REFEREE'S DEED IN FORECLOSURE

This deed, made the eighteenth day of March, Two Thousand Eleven, between Nicholas P. Amigone, 350 Main, Buffalo, New York 14202, referee duly appointed in the action hereinafter mentioned, grantor, and Waterfall Victoria REO 2011-01, LLC, 6302 E. Martin Luther King Boulevard, Tampa, Florida 33619 grantee:

Witnesseth, that the grantor, the referee appointed in an action between Credit-Based Asset Servicing and Securitization, LLC, the plaintiffs, and Marsha Pillich, KeyBank National Association, Deborah Mondoux, Thomas J. Gaffney, Trustee in Bkcy. for Project & Joint Ventures International, Inc. Illos Piano Rebuilders and Music Center, Keith Pillich defendants, foreclosing a mortgage recorded on the 12th day of May, 1999, in the office of the County Clerk of the county of Erie, in liber/reel 12838 of mortgages, at page 4979, in pursuance of a judgment entered at a special term of the Supreme Court, on the 21st day of December, 2004, and in consideration of $100.00 dollars paid by the grantee, being the highest sum bid at the sale under said judgment, does hereby grant and convey unto the grantee, all See Schedule "A";

*TOGETHER* with the appurtenances and all the estate and rights of the party of the first part in and to said premises;

To have and to hold the premises herein granted, unto the grantee, Waterfall Victoria REO 2011-01, LLC and assigns forever.

In witness whereof, the grantor has hereunto set his hand and seal.

In presence of:

_____
Nicholas P. Amigone,

Acknowledgment by a Person Within New York State (RPL § 309-a)

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF ERIE           )

On the 22nd day of March, 2011, before me, the undersigned, personally appeared Nicholas P. Amigone, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he executed the same in his capacity(ies), and that by his signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument

_____
(signature and office of individual taking acknowledgment)

RICHARD A. CLACK
Notary Public, State of New York
Qualified in Erie County
My Commission Expires Dec 31, 20___

RECORD AND RETURN TO:
Sheldon May & Associates, P.C.
255 Merrick Road
Rockville Centre, New York 11570
File: 21717

NYSBA's Residential Real Estate Forms (9/00)          © 2011 Matthew Bender & Co., a member of the LexisNexis Group.

Title No.: FC 26909 / CARUS FILE NO. 1146893/10531264

# PUBLIC ABSTRACT CORPORATION

## SCHEDULE A

ALL THAT TRACT OR PARCEL OF LAND, situate in the Town of Amherst, County of Erie and State of New York, being part of Lot No. 36, Township 12, Range 7 of the Holland Land Company's Survey and further distinguished as Subdivision Lot No. 47 and part of Subdivision Lot No. 48, as shown on a map of Pomeroy Park filed in the Erie County Clerk's Office under Cover No. 1458, bounded and described as follows:

BEGINNING at a point of intersection of the easterly line of Eltham Drive East, with the southerly line of Main Street;

RUNNING THENCE southerly along said line of Eltham Drive East, 130 feet;

RUNNING THENCE easterly along a line drawn parallel with Main Street 180 feet to the easterly line of Subdivision Lot No. 48;

RUNNING THENCE northerly along the easterly line of Subdivision Lot No. 47 and 48, 130 feet to the southerly line of Main Street;

RUNNING THENCE westerly along the southerly line of Main Street, 180 feet to the easterly line of Eltham Drive East at the point of BEGINNING.

FILED

JUL 21 2005

ERIE COUNTY CLERK'S OFFICE

At an IAS Part of the
Supreme Court of the State of New
York, held in and for the County
of ERIE, at the Courthouse
thereof, located at 92 Franklin
Street, Buffalo, New York 14202,
on the                        day of

P R E S E N T: Hon. Christopher J. Burns

JUSTICE

------------------------------------X

Credit-Based Asset Servicing and
Securitization, LLC

                              Plaintiff

                    Index No:
                    I2003-2388

                    JUDGMENT OF
                    FORECLOSURE AND
                    SALE

                    COPY

          -against-

Marsha Pillich, KeyBank National
Association, Deborah Mondoux, Thomas J.
Gaffney, Trustee in Bkcy. for Project &
Joint Ventures International, Inc., Illos
Piano Rebuilders and Music Center, Keith
Pillich,

                              Defendants
------------------------------------X

        Upon reading and filing the Notice of Motion dated

June 9, 2004 the summons, verified complaint and Notice of

Pendency of action heretofore filed herein on March 12,

2003, the affidavits of service of the summons upon some of

the defendants and the notices of appearance of other

defendants, all of which were duly filed with the Clerk of

the Court, and more particularly referred to in the

affirmation of regularity of Edward C. Klein, an attorney

with the law firm of CARUS & MANNIELLO, P.C., the

attorney(s) for plaintiff, dated June 9, 2004, from which

affirmation it appears that this is an action to foreclose a

mortgage upon real property situate within the County of ERIE, State of New York; that the whole amount thereon, as alleged in the verified complaint, is presently due and owing, with interest thereon, as therein alleged; and upon a prior Order of this Court dated December 19, 2003 appointing Nicholas P. Amigone, Esq. as Referee to ascertain and compute the amount due to plaintiff, and to examine and report whether the mortgaged premises can be sold in one parcel, by which report, duly filed simultaneously herewith, the said Referee has reported that the sum $236,752.18 is due and owing to plaintiff as of January 31, 2004; and upon reading and filing the additional affirmation of Edward C. Klein, dated June 9, 2004 wherein application is made for an award of legal fees incident to foreclosure on behalf of Plaintiffs and that the mortgaged premises should be sold in one parcel; that the time for each and all of the defendants to answer or move with respect to the complaint has expired and that the same has not been extended, and that each and all of the defendants are in default herein, except the defendants KeyBank National Association, Thomas J. Gaffney, Trustee in Bkcy. for Project & Joint Ventures International, Inc., Illos Piano Rebuilders and Music Center, who appeared by attorney and waived service of all papers upon this application; and Marsha Pillich who interposed an Answer, which Answer was, stricken by a prior order of this court, and that none of the defendants is an infant, incompetent or absentee; and no one being entitled to notice

of this application except Marsha Pillich, Deborah Mondoux, Keith Pillich, and the same having regularly come on to be heard before this Court, now after due deliberation having been had,

NOW, on motion of CARUS & MANNIELLO, P.C., attorney(s) for plaintiff, it is

ORDERED, ADJUDGED AND DECREED, that the motion be and the same is hereby in all respects granted; and it is further

ORDERED, ADJUDGED AND DECREED, that the report of the Referee, aforesaid, be and it hereby is in all respects ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the plaintiff have judgment herein for the sum of $236,752.18 together with interest thereon from January 31, 2004, together with the sum of $2,780.00 , as taxed by the Clerk of the Court and inserted herein and hereby adjudged to the plaintiff for costs and disbursements in this action, with interest thereon from the date hereof, together with an additional allowance of $ , hereby awarded to plaintiff in addition to the costs and disbursements, with interest thereon from the date hereof; and it is further

ORDERED, ADJUDGED AND DECREED that the Plaintiff be and it hereby is awarded as and for reasonable legal fees

incident to foreclosure the sum of $ 3,000.00 ; and is hereby granted leave to make such other and further application to this Court for an additional award of legal fees as it deems appropriate; and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged premises described in the verified complaint, as hereinafter described, be sold in one parcel, in its as is condition on the date of sale, subject to any zoning restrictions and any amendments thereto, according to law, and now in force; subject to covenants, restrictions, agreements, reservations and easements of record, if any, and municipal departmental violations, if any. any sale to be held hereunder will be subject to the rights of the United States of America to redeem, if any, at public auction at the foreclosure alcove, Erie County Hall, 92 Franklin Street Buffalo, New York 14202, in the County of ERIE, State of New York, by and under the direction of Nicholas P. Amigone, Esq., who is hereby appointed Referee for that purpose; that said Referee give public notice of the time and place of said sale according to law and the practice of this Court in the Buffalo Law Journal (newspaper) that the plaintiff or any other party to this action may become the purchaser at such sale; that in the event the plaintiff shall become the purchaser at said sale, it shall not be required to make any deposit thereon; that said Referee execute to the purchaser or purchasers on such sale a deed of the premises sold; that the Referee on receiving the proceeds of the sale shall forthwith pay therefrom the

taxes, assessments, water rates or sewer rents which are or may become liens on the premises with such interest or penalties which may lawfully have accrued thereon to the day of payment; that the Referee then deposit the balance of the proceeds of this sale in his own name as Referee in

_A bank of the Referees choosing_ _____ (bank)

and shall thereafter make the following payments and his checks drawn for that purpose shall be paid by the said depository:

1. A sum not exceeding $500.00 to the said Referee as and for his fees herein;

2. The expenses of the sale and advertising expenses as shown on bills presented by said Referee;

3. The sum of $ 9,780.00 to the plaintiff or its attorney, adjudged to the plaintiff for costs and disbursements in this action, to be taxed by the Clerk of the Court with interest thereon from the date of entry hereof together with additional allowance of

$ _____ hereinabove awarded to the plaintiff in

addition to costs, with interest thereon from the date of entry hereof; plus the sum of $ 3,000.00 demanded for reasonable attorneys fee and also the sum of $236,752.18, the amount reported as aforesaid, together with interest thereon from January 31, 2004, such advances as the

plaintiff shall have made for taxes, interest and penalties thereon, if any, mortgage insurance premiums, fire and other casualty insurance, and such other expenses incurred, including but not limited to repairs, maintenance, boarding and securing the premises, if any, for the protection of the said premises, or so much thereof as the purchase money of the mortgaged premises will pay the same. That in case the plaintiff be the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser, or its assignee, at said sale and the terms of sale under this judgment shall be assigned to and be acquired by the plaintiff, and a valid assignment thereof filed with said Referee, said Referee shall not require the plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the plaintiff a deed or deeds of the premises sold upon payment to the

said Referee of the amounts specified above in items marked "1" and "2" and the amounts of the aforesaid taxes, assessments and water rents and interest or penalties thereon, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing the payment thereof; or an affidavit by plaintiff setting forth that payment has been made; provided however plaintiff shall not be required to pay said taxes, assessments and water rents unless same are due and payable on the date of sale, or any adjourned date thereof, irrespective of the date upon which same have become or may be a lien upon the said premises; that the

balance of the amount bid after deduction therefrom the aforesaid amounts paid by the plaintiff for Referee's fees, advertising expenses and taxes, assessments, water rates and sewer rents, shall be allowed to the plaintiff and applied by the Referee upon the amounts due to the Plaintiff as specified above in item marked "3"; that if, after so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to the Referee upon delivery to it of the said Referee's deed, the amount of such surplus; that the Referee on receiving said several amounts from the plaintiff shall forthwith pay therefrom said taxes, assessments, water rates, sewer rents, and interest or penalties thereon, unless the same shall have already been paid, and shall deposit the balance, if any, in said depository as hereinabove directed. That said Referee take the receipt of the plaintiff or its attorney for the amounts paid as hereinbefore directed, in item marked "3", and file it with his Report of Sale; that he deposit the surplus monies, if any, with ~~the~~ in bank of the Referee Chase (bank) within five days after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on the Order of this Court, signed by a Judge thereof; that the Referee shall make a report of such sale and file it with the Clerk of the County in which this action is pending, with all convenient speed; that if the proceeds of such sale be insufficient to pay the amount so reported due to the plaintiff with the expenses of the sale, interest,

costs and allowances, as aforesaid, the Referee shall specify the amount of such deficiency in his Report of Sale and it is further

ORDERED, that the Plaintiff recover of the Defendant(s) Marsha Pillich the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the Mortgage debt remaining unsatisfied, after a sale of the Mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency Judgment shall be made as prescribed by Section 1371 of the Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof determined and awarded by an order of this Court as provided for in said section; and it is further

ORDERED, that the purchaser or purchasers at said sale be let into possession on production of the Referee's deed or deeds; and it is further

ORDERED, ADJUDGED AND DECREED that the Plaintiff and/or Referee may apply to this Court for such other and further relief as may be necessary under the premises, including but not limited to, an application by the Referee for an award of additional fees and an award to Plaintiff of legal fees; and it is further

ORDERED, ADJUDGED AND DECREED, that each and all of the

defendants in this action and all persons by, through or claiming under them or any or either of them, after the filing of the notice of the pendency of this action, be and they hereby are forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in said mortgaged premises, and each and every part thereof. The following is a description of the said mortgaged premises hereinbefore mentioned:

ALL THAT TRACT OR PARCEL OF LAND, situate in the Town of Amherst, County of Erie and State of New York, being part of Lot No. 36, Township 12, Range 7 of the Holland Land Company's Survey and further distinguished as Subdivision Lot No. 47 and part of subdivision Lot No. 48, as shown on a map of Pomeroy Park filed in the Erie County Clerk's Office under Cover No. 1458, bounded and described as follows:

BEGINNING at a point of intersection of the easterly line of Eltham Drive East, with the southerly line of Main Street;

RUNNING THENCE southerly along said line of Eltham Drive East, 130 feet;

RUNNING THENCE easterly along a line drawn parallel with Main Street 180 feet to the easterly line of Subdivision Lot No. 48;

RUNNING THENCE northerly along the easterly line of Subdivision Lot No. 47 and 48, 130 feet to the southerly line of Main Street;

RUNNING THENCE westerly along the southerly line of Main Street, 180 feet to the easterly line Eltham Drive East

at the point of BEGINNING.

Said premises being known as and by street address:

8 Eltham Drive, Amherst, New York 14226

E N T E R

J.S.C.

CHRISTOPHER J. BURNS, J.S.C.

GRANTED

DEC 21 2004

BY: _____
SHARON A. SIELKA
COURT CLERK

JUDGEMENT SIGNED AND FILED THIS 21 DAY OF July 200 5
COUNTY CLERK

Loan No.: NY020421

Property Address:
8 ELTHAM DRIVE
AMHERST, NEW YORK    14226

Exhibit "A"

Legal Description

ALL that tract or parcel of land, situate in the Town of Amherst, County of Erie and State of New York, being part of Lot No. 36, Township 12, Range 7 of the Holland Land Company's Survey and further distinguished as Subdivision Lot No. 47 and part of Subdivision Lot No. 48, as shown on a map of Pomeroy Park, filed in the Erie County Clerk's Office under Cover No. 1458, bounded and described as follows:

BEGINNING at a point of intersection of the easterly line of Eltham Drive East, with the southerly line of Main Street;

RUNNING THENCE southerly along said line of Eltham Drive East, 130 feet;

RUNNING THENCE easterly along a line drawn parallel with Main Street 180 feet to the easterly line of Subdivision Lot No. 48;

RUNNING THENCE northerly along the easterly line of Subdivision Lots No. 47 and 48, 130 feet to the southerly line of Main Street;

RUNNING THENCE westerly along the southerly line of Main Street, 180 feet to the easterly line of Eltham Drive East at the point of BEGINNING.

# AFFIDAVIT OF SERVICE, AFFIX TO DOOR SERVICE

State of:                                          County of:
Court:                                             Index #:
                                                   Date Purchased:

*Plaintiff/Petitioner:*

Waterfall Victoria REO 2011-01, LLC

                                          vs:

*Defendant/Respondent:*

Marsha Pillich, et.al.

State of: NY
County of: Niagara

Andrew D. Zimmermann, being duly sworn, deposes and says: that deponent is not a party to this action,
is over 18 years of age and resides at: Tonawanda, NY
that on 9/1/2011 at: 4:45pm at: 8 Eltham Drive, Amherst, NY 14226
Deponent served the within:

Ten (10) Day Notice To Vacate, Alternative Ninety (90) Day Notice And Certified Referee's Deed

Return Date if any:

ON: Marsha Pillich

**AFFIXING TO DOOR/RTC.**
By affixing a true copy of each to the door of said premises, which is Defendant's, Dwelling house within the state. Deponent was unable, with due diligence to find Defendant or a person of suitable age and discretion, having called thereat:

8/30/2011 @ 5:21pm, 8/31/2011 @ 6:01pm, 9/1/2011 @ 7:21am, 9/1/2011 @ 4:45pm  Spoke to Mr Georger, Male, White, 170-200lbs, 5'9"-6'0" 50-65yrs old Gray hair

**MAILING**
Deponent completed service under the last two sections by depositing a copy of the same to the above address in a First Class post paid properly addressed envelope marked "Personal & Confidential" in an official depository under the exclusive care and custody of the U.S.P.O. in the State of N.Y., on: 9/2/2011 ,
In Addition a Certified Mailing was also sent to Respondant on: 9/2/2011, Article Number: 70092250000398570229

**WITNESS FEE**
☐     $     the authorizing traveling expenses and one day's witness fee was paid(tendered) to the Defendant.

**MILITARY SERVICE**
☒
Person spoken to: Neighbor at 18 Eltham,
Deponent asked, the person spoken to if the Defendant was presently in the military service of the United States Government or on active duty in the military service in the State of New York and was informed he/she was not.

Sworn before me on date: 9/2/2011

Notary Public

_____
                                          Signature
Print name below signature
Andrew D. Zimmermann

JOSEPH A. DINGEY, JR.
Notary Public, State of New York
No. 01DI6078795
Qualified in Niagara County
Commission Expires August 5, 2014

ss

201109120                    Client File#: 41744

# AFFIDAVIT OF SERVICE, AFFIX TO DOOR SERVICE

_____ of:                                          County of:
                                                   Index #:
__rt:                                              Date Purchased:

_ntiff/Petitioner:

__terfall Victoria REO 2011-01, LLC

_____ vs:

_ndant/Respondent:

__arsha Pillich, et.al.

_ of: NY
_nty of Niagara

_drew D. Zimmermann, being duly sworn, deposes and says: that deponent is not a party to this action,
_ver 18 years of age and resides at: Tonawanda, NY
on: 9/2/2011 at: 4:45pm at: 8 Eltham Drive, Amherst, NY 14226
_ponent served the within:

(10) Day Notice To Vacate, Alternative Ninety (90) Day Notice And Certified Referee's Deed

Return Date if any:

: Deborah Mondoux

By affixing a true copy of each to the door of said premises, which is Defendant's, Last Known Address
within the state. Deponent was unable, with due diligence to find Defendant or a person of suitable age and discretion,
having called thereat:

8/30/2011 @ 5:21pm, 8/31/2011 @ 6:01pm, 9/1/2011 @ 7:21am, 9/1/2011 @ 4:45pm  Spoke to Mr
Georger, Male, White, 170-200lbs, 5'9"-6'0" 50-65yrs old Gray hair

Deponent completed service under the last two sections by depositing a copy of the same to the above address in a First
Class post paid properly addressed envelope marked "Personal & Confidential" in an official depository under the
exclusive care and custody of the U.S.P.O. in the State of N.Y., on: 9/2/2011 ,
In Addition a Certified Mailing was also sent to Respondant on: 9/2/2011, Article Number: 70092250000398570236

$        the authorizing traveling expenses and one day's witness fee was paid(tendered) to the
Defendant.

Person spoken to: Neighbor at 18 Eltham,
Deponent asked, the person spoken to if the Defendant was presently in the military service of the United States
Government or on active duty in the military service in the State of New York and was informed he/she was not.

ss

Print name below signature

Andrew D. Zimmermann

201109121                          Client File#: 41744

JOSEPH A. DINGEY, JR.
Notary Public, State of New York
No. 01DI6078795
Qualified in Niagara County
Commission Expires August 5, 2014

Notary Public

_orn to before me on this 9/2/2011

# AFFIDAVIT OF SERVICE, AFFIX TO DOOR SERVICE

of:

County of:

Index #:

Date Purchased:

Plaintiff/Petitioner:

Waterfall Victoria REO 2011-01, LLC

vs:

Defendant/Respondent:

Marsha  Pillich, et.al.

State of: NY
County of: Niagara

Andrew D Zimmermann, being duly sworn, deposes and says: that deponent is not a party to this action,
over 18 years of age and resides at: Tonawanda, NY
on: 9/1/2011  at: 4:45pm  at: 8 Eltham Drive, Amherst, NY  14226
deponent served  the within:

(10) 10 Day Notice To Vacate, Alternative Ninety (90) Day Notice And Certified Referee's Deed

Return Date if any:

Keith Pillich

By affixing a true copy of each to the door of said premises, which is Defendant's, Dwelling house
within the state.  Deponent was unable, with due diligence to find Defendant or a person of suitable age and discretion,
having called thereat:

8/30/2011 @ 5:21pm, 8/31/2011 @ 6:01pm, 9/1/2011 @ 7:21am, 9/1/2011 @ 4:45pm  Spoke to Mr
Georger, Male, White, 170-200lbs, 5'9"-6'0" 50-65yrs old Gray hair

Deponent completed service under the last two sections by depositing a copy of the same to the above address in a First
Class post paid properly addressed envelope marked "Personal & Confidential" in an official depository under the
exclusive care and custody of the U.S.P.O. in the State of N.Y., on: 9/2/2011 ,
In Addition a Certified Mailing was also sent to Respondant on:  9/2/2011, Article Number: 70092250000398570243

$      the authorizing traveling expenses and one day's witness fee was paid(tendered) to the
Defendant.

Person spoken to: Neighbor at 18 Eltham,
Deponent asked, the person spoken to if the Defendant was presently in the military service of the United States
Government or on active duty in the military service in the State of New York and was informed he/she was not.

ss

Print Name Below Signature

Andrew D. Zimmermann

Sworn to before me on this 9/2/2011

Notary Public

JOSEPH A. DINGEY, JR.
Notary Public, State of New York
No. 01DI6073795
Qualified in Niagara County
Commission Expires August 5, 2014

201109122          Client File#: 41744

# AFFIDAVIT OF SERVICE AFFIX TO DOOR

of:

ty of: Niagara

| | County of: |
| --- | --- |
| | Index #: |
| | Date Purchased: |

*tiff/Petitioner:*

terfall Victoria REO 2011-01, LLC

vs:

*dant/Respondent:*

rsha Pillich, et.al.

of: NY
ty of: Niagara

rew D. Zimmermann, being duly sworn, deposes and says: that deponent is not a party to this action,
er 18 years of age and resides at: Tonawanda , NY
n: 9/1/2011 at 4:45pm at: 8 Eltham Drive, Amherst, NY 14226
ent served the within:

(10) 130() Notice To Vacate, Alternative Ninety (90) Day Notice And Certified Referee's Deed

Return Date if any:

"John Doe"

By affixing a true copy of each to the door of said premises, which is Defendant's, Dwelling house
within the state. Deponent was unable, with due diligence to find Defendant or a person of suitable age and discretion,
having called thereat:   8/30/2011 @ 5:21pm, 8/31/2011 @ 6:01pm, 9/1/2011 @ 7:21am, 9/1/2011 @ 4:45pm  Spoke to Mr
Georger, Male, White, 170-200lbs, 5'9"-6'0" 50-65yrs old Gray hair

Deponent enclosed a copy of the same in a first class postpaid envelope, marked "Personal & Confidential", properly
addressed to the last known address: 8 Eltham Drive, Amherst, NY, 14226; and
deposited in an official depository under the exclusive care and custody of the U.S.P.O. in N.Y. State, on: 9/2/2011  ,
if Certified #:

$   the authorizing traveling expenses and one day's witness fee was paid(tendered) to the
Defendant.

Person spoken to: Neighbor at 18 Eltham,
Deponent asked, the person spoken to if the Defendant was presently in the military service of the United States
Government or on active duty in the military service in the State of New York and was informed he/she was not.

rn to before me on this: 9/2/2011

Notary Public

_____
Print name below signature

Andrew D. Zimmermann

JOSEPH A. DINGEY, JR.
Notary Public, State of New York
No. 01DI6078795
Qualified in Niagara County
Commission Expires August 5, 2014

201109124                    Client File#: 41744

ss

**AFFIDAVIT OF SERVICE AFFIX TO DOOR**

[...]e of:   County of:
[...]rt:   Index #:
   Date Purchased:

[...]ntiff/Petitioner:

[...]aterfall Victoria REO 2011-01, LLC

   vs:

[...]endant/Respondent:

[...]arsha Pillich, et.al.

[...]e of: NY
[...]nty of: Niagara

[...]drew D. Zimmermann, being duly sworn, deposes and says: that deponent is not a party to this action,
[...]ver 18 years of age and resides at: Tonawanda, NY
on: 9/2/2011 at 4:45pm at: 8 Eltham Drive, Amherst, NY 14226
[...]onent served the within:

**(10) Day Notice To Vacate, Alternative Ninety (90) Day Notice And Certified Referee's Deed**

Return Date if any:

[...] "Jane Doe"

FIXING TO
DOOR ☒

By affixing a true copy of each to the door of said premises, which is Defendant's, Dwelling house within the state. Deponent was unable, with due diligence to find Defendant or a person of suitable age and discretion, having called thereat: 8/30/2011 @ 5:21pm, 8/31/2011 @ 6:01pm, 9/1/2011 @ 7:21am, 9/1/2011 @ 4:45pm Spoke to Mr Georger, Male, White, 170-200lbs, 5'9"-6'0" 50-65yrs old Gray hair

MAILING ☒

Deponent enclosed a copy of the same in a first class postpaid envelope, marked "Personal & Confidential", properly addressed to the last known address: 8 Eltham Drive, Amherst, NY, 14226; and deposited in an official depository under the exclusive care and custody of the U.S.P.O. in N.Y. State, on: 9/2/2011 , if Certified #:

WITNESS FEE ☐

$    the authorizing traveling expenses and one day's witness fee was paid(tendered) to the Defendant.

MILITARY
SERVICE ☒

Person spoken to: Neighbor at 18 Eltham.
Deponent asked, the person spoken to if the Defendant was presently in the military service of the United States Government or on active duty in the military service in the State of New York and was informed he/she was not.

[signature]

Print name below signature
Andrew D. Zimmermann

[...]rn to before me on this 9/2/2011

JOSEPH W. LOMBARDI, JR.
Notary Public, State of New York
No. 01DI6078795
Qualified in Niagara County
Commission Expires August 5, 2014

ss

201109125       Client File#: 41744



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

NORTH TONAWANDA NY 14120
Postmark
Here
SEP -2 2011
USPS

Postage $0.64
Certified Fee 2.85
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees $3.49

Sent To Marsha Pilich
Street, Apt. No.; or PO Box No. 8 Eltham Drive
City, State, ZIP+4 Amherst NY 4086

7009 2250 0003 9857 0229

PS Form 3800, August 2006    See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

NORTH TONAWANDA NY 14120
Postmark
Here
SEP -2 2011
USPS

Postage $0.64
Certified Fee .85
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees $3.49

Sent To Deborah Manchux
Street, Apt. No.; or PO Box No. 8 Eltham Drive
City, State, ZIP+4 Amherst NY 4086

7009 2250 0003 9857 0236

PS Form 3800, August 2006    See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

NORTH TONAWANDA NY 14120
Postmark
Here
SEP -2 2011
USPS

Postage $0.64
Certified Fee .85
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees $3.49

Sent To Keith Pilich
Street, Apt. No.; or PO Box No. 8 Eltham Drive
City, State, ZIP+4 Amherst NY 4086

7009 2250 0003 9857 0243

PS Form 3800, August 2006    See Reverse for Instructions



PV 9104

Hasler
09/02/2011
US POSTAGE $01.15⁰

NORTH TONAWANDA NY 14120
SEP 2 2011
USPS

14120
011 621996

**UNITED STATES POSTAL SERVICE®**
This Cert / This form
Certificate Of Mail

From:
— P.O. Box 428
— North Tonawanda, NY 14120

To: " John Doe "
8 Eltham Drive
Amherst, NY 14226

PS Form **3817**, April 2007  PSN 7530-02-000-9065

---

PV 9105

Hasler
09/02/2011
US POSTAGE .15⁰

NORTH TONAWANDA NY 14120
SEP 2 2011
USPS

14120
011 D11 .996

**UNITED STATES POSTAL SERVICE®**
Certificate Of Mail

From:
P.O. Box 428
North Tonawanda, NY 14120

To: " Jane Doe "
8 Eltham Drive
Amherst, NY 14226

PS Form **3817**, April 2007  PSN 7530-02-000-9065

## CERTIFICATION BY ATTORNEY

Joseph Radano, Esq., an attorney duly admitted to practice law before the Courts of the State of New York, and an associate with the firm of Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, attorneys for the present owner, pursuant to Uniform Rule Section 130-1.1-a, states as follows:

I hereby certify, under the penalty of perjury and as an officer of the Court, that, to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the within paper or the contentions therein are not frivolous as defined in subsection (c) of Section 130-1.1-a, including that the substance of the factual statements therein are not false.

Dated: Bay Shore, New York
September 14, 2011

Joseph Radano, Esq. of
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP

August 25, 2011

TO: Marsha Pillich, KeyBank National Association, Deborah Mondoux, Thomas J. Gaffney, Trustee in Bkcy. for Project & Joint Ventures International, Inc., Illos Piano Rebuilders and Music Center, Keith Pillich, "JOHN DOES" "JANE DOES"
RESIDING AT:
8 Eltham Drive, Amherst, NY 14226

## NOTICE OF FORECLOSURE &
## TENANT'S RIGHTS UNDER FEDERAL LAW

**NOTICE IS HEREBY GIVEN THAT** the Premises located at 8 Eltham Drive, Amherst, NY 14226, now occupied by you, has been deeded to Waterfall Victoria REO 2011-01, LLC, pursuant to a Judgment of Foreclosure and Sale in an action brought against Marsha Pillich in the Supreme Court of the County of Erie and that title under the foreclosure has been duly transferred and that an original attorney certified copy of the referee's deed, dated delivered pursuant to said sale is attached hereto as an exhibit.

**NOTICE IS FURTHER GIVEN THAT** the Federal "Protecting Tenants at Foreclosure Act of 2010" ("PTFA") grants certain rights and protections to any occupant of the remises who is a "bona fide" tenant, as defined by the PTFA. The rights and protections of the PTFA include the giving of a 90 day Notice to Vacate. Waterfall Victoria REO 2011-01, LLC is informed and believes that no occupant of the Premises is a "bona fide" tenant as defined by the PTFA. This Notice is given to provide any occupant the opportunity, prior to the commencement of the eviction action for possession, to provide evidence to show that the occupant is entitled to the protection of the PFTA.

## TEN (10) DAY NOTICE TO VACATE

Waterfall Victoria REO 2011-01, LLC is now the owner of the Premises and demands that, **BY SEPTEMBER 12, 2011** a date at least ten **(10) days** after service on you of this Notice you and all occupants EITHER produce acceptable evidence to the law firm listed on Page 2 of this Notice that the occupant is entitled to the protections of the PTFA OR you are required to vacate and surrender possession of the Premises, to Waterfall Victoria REO 2011-01, LLC through Jean-Michael Reed, its agent, who can be reached at 716-819-4200 from 9:00 a.m. to 5:00 p.m. on all business days. **Failure to supply the acceptable evidence or to vacate within that time will result in an eviction proceeding being filed for possession of the Premises.** Please see Page 2 of this Notice for instructions on how to deliver this evidence.

## ALTERNATIVE NINETY (90) DAY NOTICE

In the event any occupant of the Premises is a tenant under NY law or bona fide tenant as defined by PTFA, this letter is the NINETY (90) DAY Notice to Vacate as required by PTFA. This notice also constitutes notice to vacate to be given tenants as required by NY law.

Thus, all occupants are required within **ten (10) days** after receipt by you of this Notice EITHER to produce acceptable evidence to this law firm that the occupant is entitled to the protections of the PTFA OR to vacate and surrender possession of the Premises to Waterfall Victoria REO 2011-01, LLC through Jean-Michael Reed, its agent, who can be reached at 716-819-4200 from 9:00 a.m. to 5:00 p.m. on all business days. Failure to supply the acceptable evidence or to vacate within that time will result in an eviction proceeding for possession of the Premises being filed. Please see the next paragraph for instructions on how to supply this evidence. THE EVICTION WILL BE FILED UPON EXPIRATION OF THE TIME SET FORTH IN THIS NOTICE UNLESS THIS FIRM AGREES IN WRITING NOT TO COMMENCE THE EVICTION

### BONA FIDE TENANT INFORMATION

IF YOU BELIEVE YOU QUALIFY AS A BONA FIDE TENANT UNDER PTFA of the prior owner, you must provide the following documents:

(1) A copy of your lease (or, if your lease is oral, proof of rent payment)
(2) A return phone number and the best time to reach you
(3) The receipt for the last six (6) payments made to the landlord for the residence (or the length of time you have resided in the property, if less than six (6) months)

by mail, fax, or in person to:

FRENKEL, LAMBERT, WEISS, WEISMAN & GORDON, LLP
20 WEST MAIN STREET
BAY SHORE, NY 11706
ATTN: Joseph Radano, Esq.

For any questions, please call (number) 631-969-3100

Very truly yours,

Name: Jack Ross
Title: Principal
Present owner, Waterfall Victoria REO 2011-01, LLC
Our File No.: 01-041744-E00

STATE OF _New York_ )
                         )ss.:
COUNTY OF _New York_ )

On the _24th_ day of _August_ in the year 2011 before me, the undersigned, personally appeared, _Jack Ross_ personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual, the individual or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

PRIYA KUMAR
NOTARY PUBLIC-STATE OF NEW YORK
No. 01KU6228198
Qualified in New York County
My Commission Expires September 13, 2014

**EXHIBIT D**

STATE OF NEW YORK
SUPREME COURT    :    COUNTY OF ERIE

CREDIT-BASED ASSET SERVICING
AND SECURITIZATION, LLC,

       Plaintiff                Index No. 03-2388

vs.

MARSHA PILLICH, et al.,

       Defendants.

Appearances:    Drew & Drew, LLP of counsel to
                  Sheldon May & Associates, P.C.
                  By: Dean M. Drew, Esq.
                  Attorneys for Plaintiff

                  Frankel, Lambert, Weiss, Weisman
                  & Gordon, LLP
                  By: Joseph Radano, Esq. and
                  Patricia Esdinsky, Esq., local counsel
                  Attorneys for Plaintiff

                  David S. Widenor, Esq.
                  Attorney for Defendant

## MEMORANDUM DECISION AND ORDER

### BURNS, CHRISTOPHER J., J.S.C.

On or about, October 13, 2011, the Plaintiff[1] filed a Notice of Motion

---

[1] Although the Caption identifies plaintiff as Credit-Based Asset Servicing and Securitization, LLC, that entity assigned the instant mortgage to Waterfall Victoria Master Fund, Ltd. on or about August 6, 2010 after the judgment of foreclosure had been granted but prior to the sale being conducted. Thus, Waterfall is the entity seeking the Writ of Assistance. The caption has not been changed to preserve the history of the proceeding.

1

for a Writ of Assistance putting plaintiff in possession of the premises located at 8 Eltham Drive in Eggertsville, New York. Plaintiff had purchased the subject property through a foreclosure sale on March 8, 2011. A referee's deed transferring the property to the plaintiff was executed March 22, 2011. Prior to the motion for the Writ of Assistance being heard, the defendant, Marsha Pillich, filed a motion seeking to vacate the judgment of foreclosure. Plaintiff then sought, and was granted, time to submit responding papers.

The Court has now reviewed the Notice of Motion of the plaintiff; the affirmation of Joseph Radano, Esq. dated September 14, 2011, with attached exhibits in support of the writ of assistance; the motion of the defendant, Marsha Pillich, to vacate the judgment of foreclosure; the affirmation of David S. Widenor, Esq. dated November 30, 2011, with attached exhibits in support of the motion to vacate; the affirmation of Dean M. Drew, Esq. dated January 19, 2012, with attached exhibits; the reply affirmation of David S. Widenor, Esq. dated January 24, 2012, accompanied by the affidavits of Christopher Wyatt dated December 1, 2011, Daniel Edstrom, dated November 30, 2011 and Marsha Pillich, dated January 23, 2012. In addition, the Court has considered oral argument on the motions heard January 26, 2012.

This Court has previously rendered three separate decisions involving the property in question. On December 19, 2003, a written decision and Order was entered by this Court granting plaintiff's motion for summary judgment in the foreclosure action and appointing a referee to determine the amount due. On May 6, 2008, this Court issued a second written decision and Order denying defendant's Order to Show Cause seeking to temporarily stay the foreclosure sale. Then on March 7, 2011 this Court issued a third written decision and Order denying another Order to Show Cause seeking to stay the foreclosure sale. As the Court has noted in those prior decisions.

2

"Plaintiff is the current holder of a note executed by defendant, Marsha Pillich, on May 12, 1999 securing a mortgage for property at 8 Eltham Drive located in Eggertsville, New York. It remains undisputed that, at some point, defendant ceased payment on the note, the note was called due and the instant foreclosure proceeding was commenced. At that time, Defendant appeared and fought the plaintiff's motion for summary judgment. This Court, by a decision entered December 19, 2003, granted the plaintiff's motion for summary judgment. The Court found that the arguments and submissions by the defendants were "insufficient to show the existence of genuine factual issues relating to a bona fide defense to foreclosure" (*see Mohopac National Bank v Baisley*, 244 AD2d 466). As such, the Court granted the motion for summary judgment."

Defendant's instant motion purports to uncover new evidence that plaintiff was involved in "robo-signing" of mortgage and assignment documents which makes the defendant a victim of fraudulent loan practices. In this Court's view, this is nothing more than a rephrasing and reworking of the claims of fraudulent lending practices by the initial loan provider that were asserted in the original motion for summary judgment entered December 19, 2003. Defendant has been asserting the same claims for the last eight years while failing to make any payments toward a valid debt she incurred in 1999 and stopped paying in 2001.

Once again, there is no basis in law or in fact to grant the relief requested by the defendant. Defendant makes spurious arguments about the filing of affidavits of counsel required by Administrative Orders implemented over seven years after this Court originally reviewed and granted plaintiff's application for summary judgment. Defendant offered nothing but speculation and conjecture that would call into question the plaintiff's entitlement to a judgment of foreclosure that was granted in December of 2004 by this Court .

Plaintiff is entitled to end this saga once and for all. As such, the motion to vacate the judgment of foreclosure is denied and the motion for a Writ of Assistance is granted.

3

Therefore, it is hereby

ORDERED, that upon delivery of a signed, certified copy of this Order, and upon at least 72 hours written notice, the Sheriff of the County of Erie is hereby directed to forthwith put Waterfall Victoria REO 2011-01, LLC into possession of the premises known as 8 Eltham Drive, Amherst, New York, 14226, more particularly described by the Schedule "A" annexed hereto, and that said Sheriff remove Marsha Pillich, KeyBank National Association, Deborah Mondoux, Thomas J. Gaffney, Trustee in Bkcy, for Project & Joint Ventures International, Inc., Illos Piano Rebuilders and Music Center, Keith Pillich, and any persons claiming under said defendants pursuant to the Judgment of Foreclosure and Sale herein. This Order may be executed as if it were an execution for the delivery of the possession of the premises.

_____
Hon. Christopher J. Burns, J.S.C.

Dated: Buffalo, New York
January 27, 2012

ENTERED:

GRANTED

JAN 27 2012

BY _____
ROBERT ADAMSKI
COURT CLERK

4

# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

DOCKET NO. CA 12-00364

PRESENT: SCUDDER, P. J., SMITH, CENTRA, FAHEY, AND CARNI, JJ.

CREDIT-BASED ASSET SERVICING AND SECURITIZATION, LLC,
PLAINTIFF-RESPONDENT,

V

MARSHA PILLICH, DEFENDANT-APPELLANT,
ET AL., DEFENDANTS.

Appellant having moved, upon the return of an order to show cause granted by the Honorable Erin M. Peradotto on February 2, 2012, for a preliminary injunction, pursuant to CPLR 5518, pending the hearing and determination of the appeal taken herein from an order of the Supreme Court entered in the Office of the Clerk of the County of Erie on January 27, 2012, and for other relief,

Now, upon reading and filing the affirmation and statement of David S. Widenor, Esq., dated February 1, 2012, and February 16, 2012, said show cause order with proof of service thereof, the affirmation and statement of Dean M. Drew, Esq., dated February 13, 2012, and the affirmation of Ted Eric May, Esq., dated February 13, 2012, and due deliberation having been had thereon,

It is hereby ORDERED that the motion is granted to the extent that enforcement of the order entered January 27, 2012, is stayed until March 30, 2012, or until seven days after Supreme Court fixes the amount of the undertaking for an automatic stay pursuant to CPLR 5519 (a) (6), whichever occurs first.

Entered: February 29, 2012

FRANCES E. CAFARELL, Clerk

Case 1-12-13024-CLB    Doc 6    Filed 10/04/12    Entered 10/04/12 16:28:11    Desc Main
Document        Page 42 of 46

**Supreme Court**
APPELLATE DIVISION
Fourth Judicial Department
Clerk's Office, Rochester, N.Y.

I, FRANCES E. CAFARELL, Clerk of the Appellate Division of the Supreme Court in the Fourth Judicial Department, do hereby certify that this is a true copy of the original order, now on file in this office.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Court at the City of Rochester, New York, this **FEB 29 2012**

_Frances E. Cafarell_
*Clerk*





United States Bankruptcy Court
Western District of New York

# Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s)
listed below was filed under Chapter 13 of
the United States Bankruptcy Code, entered
on 06/26/2012 at 08:00 AM and filed on
06/26/2012.

**Marsha M. Pillich**
8 Eltham Drive
Amherst, NY 14226
SSN / ITIN: xxx-xx-2691

The case was assigned case number 1-12-12022.

In most instances, the filing of the bankruptcy case automatically stays certain collection
and other actions against the debtor and the debtor's property. Under certain circumstances,
the stay may be limited to 30 days or not exist at all, although the debtor can request the
court to extend or impose a stay. If you attempt to collect a debt or take other action in
violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine
your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor,
they are available at our *Internet* home page http://ecf.nywb.uscourts.gov or at the Clerk's
Office, Olympic Towers, Suite 250, 300 Pearl Street, Buffalo, NY 14202.

You may be a creditor of the debtor. If so, you will receive an additional notice from the
court setting forth important deadlines.

**Lisa Bertino Beaser**
**Clerk of Court**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------------------x

IN RE:                                    CASE NO.: 12-12022

Marsha M. Pillich,                        CHAPTER 13

        Debtor.                           Judge: Hon. Carl L. Bucki

------------------------------------------------x

## ORDER VACATING STAY

Waterfall Victoria RBO 2011-01, LLC (hereinafter referred to as "Waterfall Victoria"),

having moved this Court for an Order Granting Relief From the Automatic Stay, pursuant to

Bankruptcy Rule 4001 and 11 U.S.C. §362(d) with proof of service upon the Pro-Se Debtor, U.S.

Trustee and the Trustee having been duly filed, and this motion having come on or having been

heard on August 13, 2012, and there being no opposition thereto;

Now upon consideration of the Motion of Waterfall Victoria, this Court finds that adequate

notice has been given; that all interested parties have had an opportunity to be heard; that Waterfall

Victoria is the owner of the premises located at 8 Eltham Drive, Amherst, NY 14226 and that

Waterfall Victoria  is entitled to relief under 11 U.S.C. §362(d).

IT IS THEREFORE;

ORDERED, that the stay afforded by 11 U.S.C. §362(a) be, and is hereby, modified to permit

Waterfall Victoria, it's successors and/or assigns, to enforce its eviction on the premises located at

8 Eltham Drive, Amherst, New York 14226.

Dated: Buffalo, New York
        SEP 1 3 2012 , 2012

                                    Hon. Carl L. Bucki
                                    United States Bankruptcy Judge